convenience and delay, and as his counsel in the judgment may object to the motion, the court will set aside the sale and order another execution to the present marshal. If any doubt could arise in the case, and it were possible to avoid this result, the court would not decide the motion until a personal notice had been served on the defendant, unless he appeared by counsel.

OVERTON (UNITED STATES v.). See Case No. 15,979.

## Case No. 10,627.

### In re OWEN.

[The case reported under above title in 8 N. B. R. 6, is the same as Case No. 9,968.]

## Case No. 10,628.

### OWEN et al. v. BLANCHARD.

[2 Cranch, C. C. 418.] 1

Circuit Court, District of Columbia. Oct. Term, 1823.

DECEASE OF ADMINISTRATOR PENDENTE LITE.

If a suit is brought originally against an administrator, and he die pendente lite, the administrator de bonis non may be compelled to appear to defend the suit.

This suit had been originally brought by the plaintiffs [Owen & Longstreth] against William Blanchard, administrator of William Cocking. Blanchard died pendente lite, and Charles Glover, the administrator de bonis non, was summoned to defend the suit, but failed to appear; and Mr. Key, for the plaintiffs, moved for an attachment against Glover to compel his appearance.

Mr. Jones, as amicus curiæ, suggested that Glover was not bound to appear. The suit abates by the death of Blanchard, Act Md. 1785, c. 80, not having provided for the case of the death of an administrator who was the original defendant, and who had not come in pendente lite. There is no privity or connection between Blanchard and Glover. If an administrator acknowledge a debt so as to take it out of the statute of limitations, the administrator de bonis non is not bound by it. And in regard to costs, the administrator was liable, personally, for the costs, in his time; but if the administrator de bonis non comes in, he will be made liable, not only for the costs incurred in his own time, but for those of his predecessor.

Mr. Key stated that the practice of the courts of Maryland always has been to compel the administrator de bonis non to appear, in such a case.

THE COURT (nem. con.) ordered the attachment.

1 [Reported by Hon. William Cranch, Chief Judge.]

OWEN (FARMERS' BANK OF VIRGINIA v.). See Case No. 4,662.

## Case No. 10,629.

### OWEN et al. v. GLOVER.

[2 Cranch, C. C. 522.] 1

Circuit Court, District of Columbia. Dec. Term, 1824.

JUDGMENT ON PRISON-BOUNDS BOND — ARREST IN ORIGINAL SUIT.

If a debtor be taken on a ca. sa. in the District of Columbia, and give a prison-bounds bond, upon which also judgment is rendered against him, he may be retaken on the original ca. sa. after the expiration of a year from the date of the bond, and committed to close custody in execution.

Mr. Jones, for the defendant, moved the court to quash the ca. sa. upon which the defendant was committed in execution. The original judgment was rendered in June, 1818. [Case unreported.] On the 20th of May, 1820, the defendant having been taken upon the ca. sa. issued upon that judgment, gave a prison-bounds bond. On the 6th of July, 1820, he broke the bounds, and the plaintiffs [Owen & Longstreth] brought suit on the bond against him and his surety, in which suit judgment was, at the last term, rendered against him, but the suit is still pending against his surety. The year from the date of the prison-bounds bond having expired, the marshal, in obedience to the act of congress of the 24th of June, 1812 (2 Stat. 755,) recommitted him to close jail, upon the original ca. sa. [For the marshal's action for his fees, see Case No. 11,845.]

Mr. J. Dunlop, for plaintiff. The original arrest on the ca. sa. and the giving of the prison-bounds bond, are no satisfaction of the judgment. The plaintiff may retake his debtor, although he has recovered part of the debt in an action against the sheriff for an escape. They are concurrent remedies. Esp. N. P. 611; Blumfield's Case, 5 Coke, 86. The plaintiff may have a fi. fa. against his debtor, and may proceed against the sheriff for an escape at the same time. Jackson v. Bartlett, 8 Johns. 281. So, in Maryland, the plaintiff may proceed upon the original judgment, or upon the supersedeas.

Mr. Jones, contra. The plaintiff can, in no case, have more than one execution at the same time upon the same judgment. In Maryland the plaintiff cannot have execution at the same time against the original debtor on the original judgment and on the supersedeas. The case in 8 Johnson, depends upon the statute of New York, which gives a fi. fa. after escape upon a ca. sa. After a prison-bounds bond given upon a ca. sa. there is no remedy under the act of congress, but a suit upon the bond.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the marshal had the

1 [Reported by Hon. William Cranch, Chief Judge.]